**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A.,

        Plaintiff,

  vs.

THE WILLOWS HOMEOWNERS' ASSOCIATION AKA THE WILLOWS HOA, *et al.*,

        Defendants.

PREMIER ONE HOLDINGS, INC., *et al.*,

        Counterclaimants,

  vs.

BANK OF AMERICA, N.A.,

        Counter-defendant.

Case No.: 2:16-cv-00347-GMN-CWH

**ORDER**

      Pending before the Court is Defendant Premier One Holdings, Inc.'s ("Premier One") Motion to Alter or Amend ("Motion to Amend"), (ECF No. 57), regarding the Court's Order, (ECF No. 53), which granted Plaintiff Bank of America, N.A.'s ("BANA") Motion for Partial Summary Judgment, (ECF No. 42). BANA filed a Response, (ECF No. 58), and Premier One filed a Reply, (ECF No. 59).

      Also pending before the Court is BANA's Motion for Leave to File Supplemental Authority, (ECF No. 61). For the reasons discussed below, the Court **GRANTS** Premier One's Motion to Amend, and **DENIES as moot** BANA's Motion for Leave to File Supplemental Authority.

///

## I. BACKGROUND

This case concerns the non-judicial foreclosure sale, and Premier One's purchase of the property located at 785 Crest Valley Place, Henderson, Nevada 89011, and whether the purchase extinguished BANA's deed of trust. (*See* Compl. ¶ 29–32, 38–39). In its Order granting BANA's Motion for Partial Summary Judgment, (Mot. Partial Summ. J. ("MSJ"), ECF No. 42), to quiet title in its favor, this Court's disposition relied on the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"), which held that the notice provisions of Nevada Revised Statute ("NRS") 116.3116 are unconstitutional. *Bourne Valley*, 832 F.3d at 1156; (*See* MSJ Order 4:17–6:8, ECF No. 53).

At the time the parties briefed BANA's Motion for Partial Summary Judgment, the Nevada Supreme Court had not yet addressed the constitutionality of NRS 116.3116's notice requirements. (*See* MSJ) (filed Feb. 2, 2018); (Resp., ECF No. 44) (filed Feb. 23, 2018); (Reply, ECF No. 46) (filed March 3, 2018). Shortly before this Court entered its Order in favor of BANA, the Nevada Supreme Court announced its decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, holding that the notice provisions of NRS 116.31168 are constitutional, and declining to follow *Bourne Valley*. *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) ("*SFR*") (issued Aug. 2, 2018). In light of these events, Premier One argues that "there has been a change in controlling law," and therefore, "this Court should reconsider its prior order and instead deny BANA's Motion for Partial Summary Judgment." (Mot. to Am., 5:17–26, ECF No. 57).

## II. LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1)

newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* LR 59-1(a).

### III. **DISCUSSION**

On August 8, 2018, this Court granted BANA's Motion for Partial Summary Judgment, citing the Ninth Circuit's *Bourne Valley* decision. (*See* MSJ Order, ECF No. 53). In *Bourne Valley*, the Ninth Circuit concluded that NRS 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested the notice," was unconstitutional. *Bourne Valley*, 832 F.3d at 1156. As such, this Court found that BANA did not receive notice of the non-judicial foreclosure sale, and therefore, BANA's deed of trust survived the sale. (MSJ Order 6:6–8, ECF No. 53).

However, on August 2, 2018, after the parties fully briefed BANA's Motion, but before this Court issued its Order, the Nevada Supreme Court declined to follow *Bourne Valley* and held that NRS 116.31168's notice provisions were constitutional because the statute incorporated the mandatory notice provisions of NRS 107.090. *SFR*, 422 P.3d at 1253. Premier One filed the instant Motion to Amend, (ECF No. 57), on September 4, 2018.

Although motions for reconsideration are generally disfavored under LR 59-1(b), the circumstances in this case justify granting Premier One's timely Motion. Since the *SFR* decision was issued, this Court on numerous occasions has declined to follow *Bourne Valley*, indicating that it is no longer controlling authority with respect to NRS 116.3116's notice provisions. *See, e.g.*, *Deutsche Bank Nat'l Trust Co. v. SFR Investments Pool 1, LLC*, Case No. 2:18-cv-00194-GMN-GWF, 2019 WL 1410887, at *5 (March 28, 2019) ("In short, *Bourne Valley*'s holding that NRS Chapter 116 is facially unconstitutional is clearly irreconcilable with the Nevada Supreme Court's subsequent pronouncement. Because the Nevada Supreme Court

has final say on the meaning of Nevada statutes, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions . . . ."). As discussed above, the parties did not have an opportunity to address the *SFR* decision. Indeed, the Nevada Supreme Court had not yet issued its *SFR* opinion when the parties briefed BANA's Motion for Partial Summary Judgment. Because *SFR* constitutes intervening authority, Premier One's request for reconsideration is **GRANTED**. However, the Court will not deny BANA's Motion for Partial Summary Judgment, as Premier One requests. Instead, the parties shall have thirty (30) days from the entry of this Order to file a motion for summary judgment.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Premier One's Motion to Amend, (ECF No. 57), is **GRANTED** pursuant with the foregoing.

**IT IS FURTHER ORDERED** that the August 8, 2018 Order, (ECF No. 53), and the corresponding Judgment, (ECF No. 54), are **VACATED**. The Clerk of Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that Premier One and BANA shall have thirty (30) days from the entry of this Order to file a motion for summary judgment.

**IT IS FURTHER ORDERED** that in light of the above, BANA's Motion for Leave to File Supplemental Authority, (ECF No. 61), is **DENIED as moot**.

**DATED** this \_\_28\_\_ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court